# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK, | ) ) ) |
| Movant, | ) No. 1:24-mc-1 ) |
| v. | ) Underlying case No. 1:21-cv-02900 ) (D.D.C.) |
| GOOGLE LLC, | ) ) |
| Respondent. | ) ) |

## OAN'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to Local Civil Rule 5, Herring Networks, Inc., d/b/a One America News Network ("OAN"), by counsel, respectfully submits this memorandum of law in support of its motion to seal OAN's Memorandum of Law in Support of OAN's Motion to Compel Third Party Google LLC to Comply with Rule 45 Subpoena, as well as Exhibit E to that Memorandum.

Exhibit E is a document produced in the underlying litigation in this case in the U.S. District Court for the District of Columbia and was marked "Confidential" by the producing party. It is therefore subject to that Court's protective order, *see* ECF No. 48 in 1:21-cv-2900 (D.D.C.), which prohibits publicly disclosing documents labeled "Confidential" without a Court order or consent from the producing party. The Memorandum contains references to the statements in Exhibit E.

The unredacted versions have been filed electronically using the sealed filing events.

## ARGUMENT

Public access to judicial records is "protected both by the common law and the First Amendment." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "The

1

common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).

However, the common law presumption in favor of public access can be overcome by a showing that a litigant has "some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Accordingly, before ordering the sealing of a document, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the document[], and (3) provide specific reasons and factual findings supporting its decision to seal the document[] and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *see also* Local Civ. R. 5(C).

Each of the above factors is satisfied by the circumstances here. With respect to the first *Ashcraft* factor—requiring public notice and opportunity to comment—OAN has provided public notice of its request to file certain materials under seal. As stated in the notice, any interested member of the public and any other party may indicate their position on the motion.

*Second and third,* sealing the documents is warranted because the protective order in this case, issued by the U.S. District Court for the District of Columbia, prohibits publicly disclosing a document labeled as "Confidential." ECF No. 48 in 1:21-cv-2900 (D.D.C.). Exhibit E was labeled "Confidential" by the producing party in this case, and portions of the Memorandum refer to quotes from Exhibit E. Further, while Exhibit E must be redacted in its entirety, the Memorandum has been redacted only when quoting Exhibit E and has otherwise been publicly filed.

Further, this motion will be served on the producing party, which can state its own interests in the documents. *See* Local Rule 5(C) ("When a party moves to file material under seal because

another party has designated that material as confidential, the party designating the material as confidential must file a response to the motion complying with requirements (2), (3), and (4) above along with a proposed order.").

OAN accordingly requests that the Court seal the Memorandum and Exhibit E.

## CONCLUSION

For the foregoing reasons, OAN respectfully requests that the Court seal the Memorandum and Exhibit E.

By: <u>*/s/ R. Trent McCotter*</u>

**BOYDEN GRAY PLLC**
R. Trent McCotter
VSB # 94018
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488
tmccotter@boydengray.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of January 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I will also serve the following via email:

Benjamin Margo
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas
40th Floor
New York, NY 10019-6022

*Counsel for Google*

J. Erik Connolly
Nicole E. Wrigley
Ronald S. Betman
Caitlin A. Kovacs
Olivia E. Sullivan
BENESCH, FRIEDLANDER, COPLAN
& ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
rbetman@beneschlaw.com
ckovacs@beneschlaw.com
osullivan@beneschlaw.com

*Counsel for Smartmatic*

                                              */s/ R. Trent McCotter*
                                              R. Trent McCotter